COMMONWEALTH *vs.* MICHAEL GALAZKA. No. 11-P-1629. October 25, 2013. *Practice, Criminal,* Fees and costs, Affidavit, Admissions and confessions, Hearsay. *Rape. Evidence,* Age, Admissions and confessions, Hearsay.

---

Following a jury-waived trial in Superior Court, defendant Michael Galazka was convicted of statutory rape of a child (two counts), aggravated rape of a child, and assault and battery. We affirm, and take this opportunity to emphasize that before a judge is required to conduct a hearing on a pretrial motion for "[e]xtra fees and costs" pursuant to G. L. c. 261, §§ 27A-27G, and to make any findings and rulings, the defendant must file with the clerk of court an affidavit of indigency that is "sworn to under oath." G. L. c. 261, § 27B, inserted by St. 1974, c. 694, § 3.

The evidence presented at the jury-waived trial warranted the finding that on several occasions the defendant had sexual intercourse at his home with a fifteen year old girl (first victim), and that there was a separate incident at the defendant's home in which he digitally penetrated another young female (second victim), who was the first victim's twelve year old friend.

*Discussion.* 1. *The defendant had no right to a hearing on his motion for funds to hire an investigator.* The defendant was represented by retained counsel. On April 12, 2010, defense counsel filed a motion for funds requesting to be heard ex parte on the issue of appropriating funds to hire an investigator. In that motion, counsel stated that the defendant was indigent and that an affidavit of indigency would be filed by the defendant at the pretrial conference scheduled for April 16, 2010. On April 16, 2010, with the defendant present, the judge conducted a hearing on the defendant's motion to continue the trial from April 30, 2010, to August 20, 2010. Defense counsel briefly restated the background facts as to the defendant's indigency that he had provided to the court during a hearing on April 9, 2010, adding that he had prepared an affidavit of indigency based on the defendant being unemployed and receiving only unemployment benefits. Defense counsel stated, "I have the affidavit of indigency to show the Commonwealth, and what it shows is unemployment income of 276 a week." However, there is no docket entry indicating that such an affidavit was ever filed and no such affidavit is contained in the record. The judge denied the defendant's motion for funds without a hearing on April 16, 2010. The trial occurred on October 4, 2010.

On appeal, the defendant argues that the court was made aware of his status as an indigent person and of his need for and the value of hiring a private investigator during a hearing on April 9, 2010, and in his motion for funds and his counsel's affidavit, both dated April 12, 2010. As a result, he argues that his rights under G. L. c. 261, § 27C(4), were violated when the judge denied his motion for funds without first holding a hearing.

Last year, in a trio of decisions, *Commonwealth* v. *Porter,* 462 Mass. 724 (2012), *Commonwealth* v. *Fico,* 462 Mass. 737 (2012), and *Commonwealth* v. *Mortimer,* 462 Mass. 749 (2012), the Supreme Judicial Court addressed issues relating to the calculation of a defendant's assets and income for purposes of determining whether the defendant is an "indigent" person within the meaning of S.J.C. Rule 3:10, as amended, 416 Mass. 1306 (1993), and qualifies for appointed counsel pursuant to G. L. c. 211D, § 2 ½ (now § 2A, see St. 2011, c. 68, §§ 112, 221). In *Commonwealth* v. *Porter,* the court explained that a defendant has the burden of proving by a preponderance of the evidence his status as an indigent person. *Id.* at 730-731. The court further explained that its decision, in referencing the defendant's "burden of proof," concerns the burden of persuasion, not of production. *Id.* at 731. As for the initial burden of production, the court observed that it clearly rested with the defendant because

the statute required the defendant seeking the appointment of counsel to file an affidavit. *Ibid.*

The view expressed in *Porter* is consistent with the statutory framework and our decisional law governing the award of "[e]xtra fees and costs" as defined in G. L. c. 261, § 27A. Thus, G. L. c. 261, § 27B, provides in part that a party "may file with the clerk an affidavit of indigency" when moving for an award of extra fees and costs, provided that the affidavit is sworn to under oath by the affiant." The affidavit accompanying the motion must conform to Mass.R. Crim.P. 13(a)(2), as appearing in 442 Mass. 1516 (2004), which requires that it be "signed by a person with personal knowledge of the factual basis of the motion." See *Commonwealth* v. *Pope*, 392 Mass. 493, 501 (1984). Until such an affidavit is filed with the clerk, the judge is under no obligation to conduct a hearing. See *ibid.* Representations by defense counsel alone are not sufficient to dispense with the requirement of an affidavit of indigency. See *id.* at 501 n.11.[1] The Legislature has determined that in funding services that are regarded as "reasonably necessary to prevent [a] party from being subjected to a disadvantage in preparing or presenting his case adequately," *Commonwealth* v. *Lockley*, 381 Mass. 156, 160-161 (1980), the judge who must decide whether to authorize the expenditure of public funds is entitled to the benefit of an affidavit of indigency sworn to under oath by the party requesting the funds. G. L. c. 261, § 27B. Thus, when a party has retained private counsel, as in this case, and has not previously been found by the court to be indigent, he has no right to a hearing on a motion for extra fees and costs pursuant to G. L. c. 261, §§ 27A-27G, unless and until he files with the clerk an affidavit of indigency. Here, notwithstanding defense counsel's representations to the court, in the absence of an affidavit of indigency filed with the clerk, the judge was warranted in denying the defendant's motion for funds.

2. *Proof of age differential for aggravated rape offense.* The defendant's conviction of aggravated rape of a child in violation of G. L. c. 265, § 23A(*b*), required proof that the second victim was between the ages of twelve and sixteen and that there was more than a ten-year age difference between the second victim and the defendant. The second victim testified that she was twelve years old when she was raped. The first victim testified that she eventually learned that the defendant was twenty-four years old. When asked how she gained this knowledge, the first victim explained, without objection, that on one occasion while with the defendant in his room at his home, the defendant's mother entered the room and in the defendant's presence asked the first victim about her age. The first victim said she was fifteen years old. The first victim testified, "She asked me if I knew how old her son was and she told me his age." This testimony by the first victim met the foundational requirements for an adoptive admission. See *Commonwealth* v. *Boris*, 317 Mass. 309, 317 (1944).[2]

---

[1]This is not inconsistent with G. L. c. 261, § 27C(4), as appearing in St. 1980, c. 539, § 7, which provides in part that the "court shall not deny any request without first holding a hearing thereon." Section 27C(4) assigns to the judge the ultimate responsibility for determining whether a party seeking extra fees and costs is indigent. Moreover, the four subsections in § 27C are each premised on the affidavit of the party seeking public funds having been filed already with the clerk.

[2]There was evidence that the defendant heard and understood his mother's statement about his age, had personal knowledge of the matter his mother spoke about (his age),

The absence of an objection rendered the testimony of the first victim admissible for all purposes. See *Commonwealth* v. *Keevan*, 400 Mass. 557, 562 (1987). The same is true for the testimony by the second victim, received without objection, that the defendant was twenty-four years old. The testimony of the two victims was sufficient for the judge to find beyond a reasonable doubt that there was at least a ten-year differential between the defendant's age and the age of the second victim, who was the younger of the two victims. Contrary to the defendant's argument, even if the testimony as to the defendant's age was objectionable, such an error does not mean that the testimony is subtracted from the Commonwealth's case in measuring whether it was sufficient to withstand a motion for a required finding of not guilty. See *Commonwealth* v. *Farnsworth*, 76 Mass. App. Ct. 87, 98 (2010) ("the constitutional sufficiency of the evidence under *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979], is to be measured upon that which was admitted in evidence without regard to the propriety of the admission"). Given that the first victim's testimony was admissible under the adoptive admission exception to the hearsay rule, even if we were to assume error as to the second victim's testimony, there was no substantial risk of a miscarriage of justice. See *Commonwealth* v. *Keevan, supra.*

> *Judgments affirmed.*
> *Order entered July 16, 2012, denying motion for required finding of not guilty affirmed.*

*David J. Rotondo* for the defendant.
*Marcia B. Julian*, Assistant District Attorney, for the Commonwealth.

---

was free to speak at the time his mother made the statement, and in the circumstances it would have been natural for him to refute the statement if he did not intend to adopt it. See *Commonwealth* v. *Silanskas*, 433 Mass. 678, 694 (2001). See also Mass. G. Evid. § 801(d)(2)(B) (2013). We agree with the Commonwealth that previously having told the first victim that he was seventeen years old, the defendant would have refuted his mother's statement that he was twenty-four years old if he did not intend to adopt it.