## Commonwealth vs. Shawn Carter.

Middlesex. January 5, 1999. - April 2, 1999.

Present: Wilkins, C.J., Abrams, Greaney, Fried, & Ireland, JJ.

*Homicide. Practice, Criminal,* Instructions to jury, New trial, Appeal, Costs, Capital case. *Malice. Identification. Evidence,* Identification, Prior conviction, Impeachment of credibility.

At the trial of an indictment for murder in the first degree, no substantial likelihood of a miscarriage of justice was created by the judge's instruction on murder based on deliberate premeditation which included all three prongs of malice, where, based on the manner in which the killing occurred, there is no chance that the jury would have relied on any element of malice other than an intent to kill in reaching their verdict. [267-268]

The ruling of *Commonwealth* v. *Santoli,* 424 Mass. 837, 845 (1997), that judges should not instruct juries that they may consider the apparent strength of a witness's identification in assessing the reliability of the identification, is not retroactive. [268]

In a murder case, the judge did not abuse his discretion in permitting the use of the defendant's narcotics conviction (but not a conviction for a crime of violence) to impeach his credibility. [268-269]

Where G. L. c. 261, § 27C (4), was inapplicable to a criminal defendant's request for an investigator for purposes of presenting a motion for a new trial based on ineffective assistance of counsel, no prejudice resulted from the judge's denial without a hearing of a motion for such funds pursuant to that statute or the judge's failure to advise the defendant of his right to appeal from that decision. [269-270]

There was no evidence to support the claim of a defendant, convicted of murder in the first degree, that his trial counsel was ineffective. [270]

Indictments found and returned in the Superior Court Department on December 16, 1992.

The cases were tried before *Robert A. Barton,* J., and a motion for a new trial was considered by him.

*James L. Sultan* for the defendant.

*Eileen M. O'Brien,* Assistant District Attorney, for the Commonwealth.

Wilkins, C.J. The defendant was convicted of deliberately premeditated murder in the first degree and of four counts of armed assault with intent to murder. He appeals from these convictions and from the denial of his motion for a new trial.

At approximately 12:30 A.M. on November 28, 1992, a Pontiac automobile containing the five victims stopped at a red light in the Central Square section of Cambridge. A Ford Explorer stopped immediately behind the Pontiac. A passenger in the Ford Explorer approached the victims' vehicle and asked for the time. Several victims repeatedly told the passenger from the second vehicle to get away from the vehicle. The passenger stepped back, drew a gun and fired toward the vehicle, hitting one of the victims. He then moved to the rear of the Pontiac and fired sixteen additional shots into it. One occupant received a fatal wound, two others were wounded, and two occupants were not hit.

Three victims identified the defendant as the shooter. The police found clothes in the defendant's bedroom that matched clothes described by the victims. The defendant gave inconsistent stories to the police as to his whereabouts at the time of the shooting. At trial the defendant presented yet another explanation of his whereabouts at the time of the shooting.

The defendant argues that the judge's instruction on malice was prejudicial; that we should make retroactive our revision in *Commonwealth* v. *Santoli*, 424 Mass. 837 (1997), to the instruction on the reliability of eyewitness identification testimony; and that we should limit the admissibility of evidence of a defendant's prior convictions to crimes involving dishonesty, false statements, or moral turpitude. Each of these arguments asks us to abandon a position that we have taken after careful reflection. We decline to change our conclusion on any of these issues. We also reject the defendant's challenge to the denial of his motion for a new trial.

1. The defendant objects to the judge's instruction on murder in the first degree based on deliberate premeditation which included all three prongs of malice. The only prong of malice that can support a guilty verdict on the theory of deliberate premeditation is intent to kill. See *Commonwealth* v. *Plunkett*, 422 Mass. 634, 637 (1996); *Commonwealth* v. *Judge*, 420 Mass. 433, 441 (1995). Trial counsel did not object to the instruction now challenged.

The judge adequately defined deliberate premeditation and instructed the jury that the defendant must have made a decision to kill the victim if they were to find deliberate premeditation. In *Commonwealth* v. *Jiles*, 428 Mass. 66, 72 (1998), we held that a similar but not identical instruction did not create a

substantial likelihood of a miscarriage of justice. Because of the manner in which the killing occurred in this case, there is no chance that the jury would have relied on any element of malice other than an intent to kill in reaching their verdict. We are substantially confident that, if the asserted error had not been made, the jury verdict would have been the same. See *Commonwealth* v. *Ruddock*, 428 Mass. 288, 292 n.3 (1998).

2. The defendant argues that the judge erred in charging the jury that the strength of an identification may be indicative of its reliability. In *Commonwealth* v. *Santoli*, 424 Mass. 837, 845 (1997), we indicated prospectively that judges should not instruct juries that they may consider the apparent strength of a witness's identification in assessing the reliability of that identification. See *Commonwealth* v. *DiBenedetto*, 427 Mass. 414, 420 (1998) (*Santoli* rule not retroactive); *Commonwealth* v. *Payne*, 426 Mass. 692, 698 (1998) (same). This case was tried before our *Santoli* opinion was released, and we adhere to our position that the change required by the *Santoli* rule is not retroactive.

3. The defendant sought, by a motion in limine, to preclude the Commonwealth from impeaching his credibility with evidence of his prior convictions, neither of which involved fraud or deceit. The judge did bar use of the defendant's prior conviction of assault and battery by means of a dangerous weapon. On direct examination, no doubt to soften the effect of the anticipated impeachment, the defendant admitted his prior conviction of possession of a controlled substance with intent to distribute in a school zone. That conviction was also brought out on cross-examination.

The defendant urges us to adopt a rule that would allow impeachment with evidence of prior convictions only for crimes involving dishonesty, false statements, or moral turpitude. A small minority of jurisdictions have adopted such a position. See, e.g., Kan. Stat. Ann. § 60-421 (1994) (allowing impeachment of witness only with crime involving dishonesty or false statement); Alaska R. Evid. 609 (1998) (same); Haw. R. Evid. 609 (1993) (dishonesty); Mich. R. Evid. 609 (1998) (dishonesty, false statement, or crime containing element of theft which is punishable by imprisonment in excess of one year); Pa. R. Evid. 609 (1998) (dishonesty or false statement); W. Va. R. Evid. 609 (1998) (permitting impeachment of defendant only by crime involving perjury or false swearing); *People* v. *Castro*,

38 Cal. 3d 301, 313-319 (1985) (moral turpitude); *Hackman* v. *Commonwealth*, 220 Va. 710, 714-715 (1980) (moral turpitude).

We have taken a different view in this State, influenced by G. L. c. 233, § 21, stating which convictions may be used to impeach a witness. That statute does not make the distinction that the defendant urges. This court's opinion in *Commonwealth* v. *Fano*, 400 Mass. 296, 301-303 (1987), comprehensively discusses the development of the law of the Commonwealth concerning the use of convictions to impeach a criminal defendant. A judge has discretion to admit evidence of a defendant's prior convictions. *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984). A conviction of a crime similar to the crime for which a defendant is on trial is particularly problematic. *Commonwealth* v. *Fano, supra* at 303. Here, as already noted, the judge prohibited the use of a conviction of a crime of violence. He did not, however, abuse his discretion by permitting use of the defendant's narcotics conviction. In the face of the legislative judgment expressed in G. L. c. 233, § 21, we are reluctant to rule that in no circumstances may convictions of a whole range of crimes within the scope of § 21 be used to impeach a criminal defendant.

4. The defendant has appealed from the denial without a hearing of his motion for a new trial. He has not argued to us the merits of his new trial motion but rather complains that the judge did not set forth an adequate statement of reasons for denying the motion which alleged the ineffective assistance of trial counsel. He also argues that the judge erred in denying his motion under G. L. c. 261, § 27C (4), for funds to retain an investigator.

It seems reasonably clear that the request for funds for an investigator was based on a need to obtain evidence in support of the new trial motion. Funds may be made available under G. L. c. 261, § 27C (4), only for a "prosecution, defense or appeal." Funds to gather evidence in support of a new trial motion generally may not be obtained under § 27C. See *Commonwealth* v. *Davis*, 410 Mass. 680, 684 (1991); *Commonwealth* v. *Swist*, 38 Mass. App. Ct. 907, 908-909, cert. denied, 516 U.S. 886 (1995). An appeal from the denial of a § 27C (4) motion in the Superior Court normally is to a single justice of the Appeals Court. G. L. c. 261, § 27D. However, such an appeal in a capital case, after this court has decided the direct appeal from the conviction under G. L. c. 278, § 33E, is subject to the gate-

keeper provisions of § 33E, rather than § 27C (4). See *Commonwealth* v. *Davis, supra* at 683-684. An appeal in conjunction with the defendant's direct appeal in a capital case would appropriately be to this court as well.

The motion judge did not hold a hearing on the defendant's motion for costs as § 27C (4) requires. Nor was the defendant advised of his right to appeal from the denial. In the absence of a notice of appeal, the judge was not obliged to set forth his findings and reasons for the denial of the motion. G. L. c. 261, § 27D. See *Commonwealth* v. *Lockley,* 381 Mass. 156, 159-160 (1980).

The defendant has not claimed an appeal from the denial of his motion for costs, either to this court or to a single justice of the Appeals Court. Even if we were to review the denial of the motion for costs pursuant to our duties under G. L. c. 278, § 33E, we would be confronted with the inapplicability of § 27C to the defendant's motion for costs. Section 27C does not authorize a judge to allow costs in connection with the presentation of a new trial motion based on a claim of ineffective assistance of counsel. Consequently, we see no prejudice to the defendant caused by the absence of a hearing and notice of his right to appeal from the denial of his § 27C motion. The defendant makes no claim that he was entitled constitutionally to funds for an investigator.

As to the denial of the motion for a new trial, we apply the standard of review set forth in *Commonwealth* v. *Mitchell,* 428 Mass. 852, 854 (1999), and *Commonwealth* v. *Ruddock,* 428 Mass. 288, 292 n.3 (1998). The record does not show that a motion to suppress certain evidence had any chance of success. See *Commonwealth* v. *Conceicao,* 388 Mass. 255, 264 (1983), and cases cited. The claim that counsel improperly failed to interview two possible witnesses and to seek other potentially exculpatory evidence is based on no more than conjecture. There was no evidence to support the defendant's claim that his trial counsel was ineffective.

5. The defendant is not entitled to relief under G. L. c. 278, § 33E.

*Judgments affirmed.*

*Order denying motion for a new trial affirmed.*