JERMAINE CELESTER *vs.* COMMONWEALTH. January 6, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal, Discovery.

Jermaine Celester appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. Celester had sought relief from an order of a judge in the Superior Court denying his motion for funds for an investigator under Mass. R. Crim. P. 30 (c) (5), as appearing in 435 Mass. 1501 (2001). We affirm.

Celester was convicted of murder in the first degree and armed assault with intent to murder, and his direct appeal is pending before this court. He has obtained a stay of his direct appeal on the basis that he intends to file a motion for a new trial in the Superior Court. In connection with that intention, Celester filed a motion in the Superior Court seeking funds for an investigator to locate and interview certain witnesses.[1] A judge in the Superior Court

---

[1]Trial counsel asserts that "[t]here are additional issues and grounds that will be set forth in the defendant's anticipated motion for a new trial [that] do not appear to require any request for investigation funds."

denied the motion, concluding that, because the Legislature in G. L. c. 261, § 27C (4), specifically chose not to allow funds for postconviction discovery, see *Commonwealth* v. *Davis*, 410 Mass. 680, 684 (1991), rule 30 (c) (5) cannot authorize the payment of such funds.[2] Celester then sought relief pursuant to G. L. c. 211, § 3. The single justice denied Celester's petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because the denial of the request for funds in these circumstances is an interlocutory order, see *Commonwealth* v. *Swist*, 38 Mass. App. Ct. 907, cert. denied, 516 U.S. 886 (1995), we consider whether, as required by rule 2:21 (2), Celester has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Celester makes vague and generalized suggestions that, by the time he could pursue an appeal from an order denying his motion for a new trial, the witnesses he hopes to locate might be unavailable. He offers no concrete reason, however, to believe that the witnesses he seeks are any more available now than they would be later; or, conversely, that they are likely to be any less available later. Moreover, should Celester's motion for a new trial be denied, he could challenge both that denial and the denial of his request for funds in conjunction with his direct appeal from his convictions. See *Commonwealth* v. *Erdely*, 430 Mass. 149, 154 (1999) (court entertained challenges to both denial of motion for new trial and denial of request for funds in conjunction with direct appeal from conviction of murder in first degree); *Commonwealth* v. *Carter*, 429 Mass. 266, 269 (1999) (same). Celester has thus failed to satisfy his burden under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Larry R. Tipton* for the petitioner.

---

[2]The judge did not address whether Celester had sufficiently demonstrated a need for the funds.