KEVIN T. NORRIS *vs.* COMMONWEALTH. October 8, 2010. *Supreme Judicial Court,* Superintendence of inferior courts.

Kevin T. Norris appeals pro se from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

In 1992, Norris was convicted of several offenses. The Appeals Court affirmed the convictions. See *Commonwealth* v. *Norris,* 40 Mass. App. Ct. 1107 (1996). Through the late 1990's and 2000's, Norris moved for a new trial on four occasions, each time with no success. The orders denying his motions were affirmed by the Appeals Court. See *Commonwealth* v. *Norris,* 71 Mass. App. Ct. 1105 (2008); *Commonwealth* v. *Norris,* 61 Mass. App. Ct. 1102 (2004) (second and third motions); *Commonwealth* v. *Norris,* 48 Mass. App. Ct. 1105 (1999). We denied further appellate review in each circumstance. See *Commonwealth* v. *Norris,* 451 Mass. 1102 (2008); *Commonwealth* v. *Norris,* 442 Mass. 1104 (2004); *Commonwealth* v. *Norris,* 432 Mass. 1108 (2000); *Commonwealth* v. *Norris,* 422 Mass. 1107 (1996). Moreover, in 2006, we affirmed the denial of a G. L. c. 211, § 3, petition through which Norris had claimed errors in the indictments, errors by his counsel and the judge at sentencing, and that some of his convictions were duplicative, because "[t]he claims raised in his petition were or could have been raised in the prior proceedings." *Norris* v. *Commonwealth,* 447 Mass. 1007, 1007 (2006).

In 2010, Norris filed a second petition in the county court. He argued that, in earlier proceedings in the Superior Court and the Appeals Court, his claims that some of his convictions were duplicative, and that his trial counsel provided ineffective assistance at sentencing, were not addressed. He also sought relief from orders entered in the Superior Court denying his requests for funds to hire a psychologist, in connection with a forthcoming motion for postconviction relief. The single justice denied the petition, as well as a request for reconsideration.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Although the rule does not apply to Norris's claims concerning final judgments entered in the Superior Court, or to the decisions by the Appeals Court, he cannot show the absence of an adequate alternative remedy concerning those claims because he could have, or did, raise those claims in prior appeals to the Appeals Court or in applications for further appellate review. See *Votta* v. *Police Dep't of Billerica,* 444 Mass. 1001, 1001 (2005) ("Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course"). As for his claim about the denial of funds to hire an expert, in the event his motion for postconviction relief is denied, he may, in connection with an appeal from the denial of that motion, challenge the denial of funds. See *Commonwealth* v. *Fappiano,* 69 Mass. App. Ct. 727, 728 n.4 (2007), citing *Celester* v. *Commonwealth,* 440 Mass. 1035, 1036 (2004) ("As the order denying the request for funds was, in effect, an interlocutory order ancillary to the motion for a new trial, the defendant may appropriately challenge the order in the context of the appeal from the order denying the motion for a new trial").[1]

*Judgment affirmed.*

---

[1] Norris's request for oral argument is denied.

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Kevin T. Norris*, pro se.