*Roberta Fineberg,* pro se.

COMMONWEALTH *vs.* JOHN P. SWIST, JR. No. 93-P-1189. January 12, 1995. *Practice, Criminal,* Interlocutory Appeal, Transcript of Evidence, New Trial.

This appeal, purporting to assert the defendant's entitlement to a transcript of pretrial proceedings at public expense in order to pursue a motion for a new trial pursuant to Mass.R.Crim.P. 30, 378 Mass. 900 (1979), must be dismissed as interlocutory.

On October 6, 1986, the defendant pleaded guilty in the Superior Court to second degree murder and a life sentence was imposed to the Massachusetts Correctional Institution at Cedar Junction. He did not file for a direct

appeal of any part of his conviction or sentence. On June 1, 1993, the defendant wrote a letter to the clerk of the Superior Court requesting transcripts, for the purpose of preparing a rule 30 motion, of three days of hearings on a pretrial motion to suppress held in 1986. The request was granted by a judge. On June 30, 1993, the defendant filed a second request for transcripts of additional in-court proceedings. The judge on July 19, 1993, allowed the request for a copy of the plea colloquy, but denied the request for transcripts of the bail hearings and additional suppression hearing, copies of which were not on file. On August 2, 1993, the defendant filed a motion for reconsideration in which he made the unsupported allegations that the transcripts contained information crucial to filing his postconviction motion without which he would suffer prejudice. The judge denied the motion without a hearing on August 3, 1993, and the defendant filed his pro se notice of appeal of the order on August 12, 1993, pursuant to Mass.R.A.P. 3(a), 378 Mass. 927 (1979).

Neither the original order denying transcripts nor the denial of the motion for reconsideration of the original order is an appealable action. See Mass.R.App.P. 4(b), 378 Mass. 929 (1979). In *Commonwealth* v. *Abramson*, 343 Mass. 779 (1962), the court held that an order of the Superior Court denying a motion for a copy of a transcript and waiver of filing fees was not a "judgment. . . founded upon matter of law apparent upon the record" and, therefore, not properly before the court on direct appeal pursuant to G. L. c. 278, § 28, as then in effect and later incorporated into the rules of appellate procedure. Reporters' Notes to Mass.R.A.P. 1(c), Mass. Ann. Laws, Rules of Appellate Procedure at 12 (Law. Co-op. 1990); Nolan, Appellate Procedure Rule 1, at 80 (1991). The order denying the defendant's motion for a State-funded copy of transcripts constitutes an interlocutory order not immediately appealable to a panel of this court. The defendant could have petitioned a single justice of the Supreme Judicial Court for relief pursuant to that court's general superintendency powers under G. L. c. 211, § 3, which has been the traditional route taken by indigent defendants asserting a constitutional right to transcripts. See *Charpentier* v. *Commonwealth*, 376 Mass. 80, 81, 82 n.1 (1978).

Contrary to the Commonwealth's assertions, any request by an indigent defendant for funds for the purpose of filing a rule 30 motion is not cognizable under G. L. c. 261, § 27C, as appearing in St. 1980, c. 539, § 7. A motion for a new trial is a collateral proceeding[1] distinct from a "prosecution, defense, or appeal" for which costs are allocated under par. 4 of the statute. See *Commonwealth* v. *Davis*, 410 Mass. 680, 684 (1991). "Where the Legislature has chosen not to fund certain procedures not constitutionally mandated, this court may not rewrite the statute to do so." *Ibid.* Even

---

[1]"Of course a motion for postconviction relief under Mass. R.Crim.P. 30(a) and (b), 378 Mass. 900 (1979), is distinguishable from an 'appeal,' which is ordinarily defined as '[r]esort to a superior (i.e. appellate) court to review the decision of an inferior (i.e. trial) court or administrative agency.'" *Commonwealth* v. *Davis*, 410 Mass. 680, 684 n.6 (1991), quoting from Black's Law Dictionary 96 (6th ed. 1990).

if a request for costs for a collateral attack were covered under G. L. c. 261, § 27C, the denial of such a request by a judge of the Superior Court would not be an issue ripe for review by a panel of this court since the decision of a single justice, to whom review is directed under G. L. c. 261, § 27D, is final. See *Commonwealth* v. *Lockley*, 381 Mass. 156, 159-160 (1980); *Commonwealth* v. *Pope*, 392 Mass. 493, 501-502 (1984).

The defendant's pro se appeal is therefore dismissed as it seeks review of an interlocutory order.

*So ordered.*

*John P. Swist, Jr.*, pro se.
*Kevin Connelly*, Assistant District Attorney, for the Commonwealth.