THOMAS HURLEY *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT & others. February 10, 1997. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Transcript of hearing. *Mandamus.*

In 1989, following a trial by jury in the Superior Court, the petitioner was convicted of armed robbery while masked. His conviction was affirmed on appeal. *Commonwealth* v. *Hurley*, 32 Mass. App. Ct. 620 (1992). In 1994, he filed a request in the trial court, pursuant to G. L. c. 261, §§ 27A-27G, seeking funds for transcripts of various trial and pretrial hearings in his case. The trial judge denied that request, whereupon the petitioner appealed to a single justice of the Appeals Court in accordance with c. 261, § 27D. The Appeals Court single justice affirmed the trial judge's ruling.

The petitioner next filed a petition in the county court seeking a variety of relief in the nature of mandamus and pursuant to G. L. c. 211, § 3. A single justice of this court denied the petition without a hearing. The petitioner has appealed to the full court.

1. The petitioner sought from the single justice, among other things, review of the rulings by the trial judge and the single justice of the Appeals Court concerning his request for transcripts. The applicable statute, G. L. c. 261, § 27D, plainly states that the decision of the single justice of the Appeals Court in this context "shall be final with respect to such request." See *Gos* v. *Brownstein*, 403 Mass. 252, 254 (1988) ("It is settled that the decision of a single justice of the Appeals Court, affirming a judge's denial of a motion for funds, is final under G. L. c. 261, § 27D"); *Commonwealth* v. *Pope*, 392 Mass. 493, 501-502 (1984).

Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge "shall be final." Cf. *Leaster* v. *Commonwealth*, 385 Mass. 547, 549 (1982) (declining to exercise power under G. L. c. 211, § 3, to review a gatekeeper determination under G. L. c. 278, § 33E, since the matter was one "in which the Legislature has expressly limited such review"). The single justice did not err or abuse his discretion in declining to exercise the power in this case.

2. The petitioner sought an order compelling the Committee for Public Counsel Services to investigate the performance of his court-appointed counsel and to produce counsel's files in the matter. He also sought an order compelling the Board of Bar Overseers to investigate counsel's performance. Those requests were correctly denied by the single justice. Neither the committee nor the board is a "court[] of inferior jurisdiction" within the meaning of G. L. c. 211, § 3. *Callahan* v. *Board of Bar Overseers*, 417 Mass. 516, 518 (1994). The petitioner lacked standing to obtain relief in the nature of mandamus against the board, *id.*, and, in any event, failed to present a meritorious case for mandamus against either the board or the committee.

3. None of the other arguments and claims made by the petitioner in his brief, some of which have been raised for the first time on appeal, has merit. His request that we permit him to file late an application for further appellate review from the Appeals Court's 1992 decision affirming his conviction is denied.

*Judgment of the single justice affirmed.*

The case was submitted on briefs.

*Thomas Hurley*, pro se.

*William J. Meade*, Assistant Attorney General, for the defendants.