*Raymond A. Harvey*, pro se.

WILSON MORALES *vs.* COMMONWEALTH. February 10, 1997. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Appeal, Transcript of hearing.

In April, 1995, the petitioner, a Massachusetts inmate, filed a motion in the Superior Court seeking, free of charge, a copy of a transcript of a June, 1994, hearing at which he pleaded guilty and was sentenced. He made that request pursuant to G. L. c. 261, §§ 27A-27G, the statute governing court costs for indigent persons, and supported it with an affidavit of indigency and request for waiver as required by § 27B. A judge in the Superior Court denied the motion without a hearing (contra G. L. c. 261, § 27C [3] and [4]) and without stating reasons.

General Laws c. 261, § 27D, provides that, "[u]pon being notified of the denial [of a request under the statute] the applicant shall also be advised of his right of appeal, and he shall have seven days thereafter to file a notice of appeal with the clerk or register." The petitioner alleges that he was never informed of his right to appeal, as § 27D requires. See *Commonwealth* v. *Lockley*, 381 Mass. 156, 160 (1980). He sent a notice of appeal to the Superior Court clerk's office more than a month after his motion had been denied, but it was not accepted for filing and was returned to him by the clerk's office for reasons that are not clear on this record.

In September, 1995, the petitioner filed a petition in the county court pursuant to G. L. c. 211, § 3, requesting either a reversal of the Superior Court's denial of his motion or, as an alternative, an order requiring the Superior Court clerk's office to accept for filing his notice of appeal. The

single justice denied that petition without a hearing, from which the petitioner now appeals.

The single justice correctly denied the G. L. c. 211, § 3, petition since the petitioner had other means available by which to obtain the relief he sought. See *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996); *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996); *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). He could have filed, and still may file, a motion in the Superior Court to compel the clerk of that court to accept for filing his notice of appeal and to process the appeal. *Callahan* v. *Commonwealth*, 416 Mass. 1010, 1010-1011 (1994). *Burnham* v. *Clerk of the First Dist. Court of Essex*, 352 Mass. 466, 467-468 (1967), and cases cited. "In the absence of an order from a judge, the clerk should not have refused to docket the petitioner's notice of appeal," *Callahan, supra* at 1010, regardless of whether the clerk may have believed that no appeal was available to the petitioner or that his notice of appeal was untimely or otherwise defective.

The petitioner may now attempt to refile his notice of appeal, and if, contrary to what we have said, the clerk again refuses to accept the notice for filing, the petitioner may file a motion to compel the clerk to accept the notice and process the appeal. The Commonwealth and the appellate court are, of course, free to raise on appeal the threshold question whether the appeal is timely and proper.

*Judgment of the single justice affirmed.*

*William Morales*, pro se, submitted a brief.