WILSON MORALES *vs.* APPEALS COURT. July 6, 1998. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Transcript of hearing, Appeal.

Wilson Morales (petitioner) appeals from the judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

In February, 1997, the petitioner filed his second pro se motion in the Superior Court, pursuant to· G. L. c. 261, §§ 27B and 27C, for the production,

free of charge, of his plea colloquy transcript.[1] The petitioner's motion was supported by an affidavit of indigency and request for waiver, as required by § 27B. On March 13, 1997, a Superior Court judge denied the petitioner's motion, without a hearing, and notice of that action was sent to the petitioner on March 24, 1997.

On April 7, 1997, the petitioner sought "interlocutory relief" from a single justice of the Appeals Court under G. L. c. 231, § 118, first par. The single justice dismissed the petition, concluding that "[t]he relief sought [fell] outside the purview of G. L. c. 231, § 118." See *Commonwealth* v. *Lockley*, 381 Mass. 156, 159 (1980) (General Laws c. 261, § 27D, "provides a detailed and professedly *exclusive* procedure for taking an appeal from the denial of a request for fees and costs made under § 27C" [emphasis added]).[2]

On April 14, 1997, the petitioner filed with the clerk of the Superior Court a notice of appeal from the denial of his motion for the production of his guilty plea transcript. A single justice of the Appeals Court again ordered that the appeal be dismissed, this time because the petitioner failed to file his notice of appeal within the statutory seven-day period required under G. L. c. 261, § 27D. In an apparent effort to circumvent the untimeliness of his appeal, the petitioner unsuccessfully sought reconsideration by purporting to appeal only the denial of his request for transcripts and claiming he was not proceeding pursuant to G. L. c. 261, § 27D.

Regardless of how the petitioner characterizes his appeal, he is seeking a free copy of his transcript, and consequently, his request is governed by G. L. c. 261, §§ 27A-27G. See *Morales* v. *Commonwealth*, 424 Mass. 1010 (1997). As such, his notice of appeal, dated April 14, 1997, was untimely because he filed it over two weeks after he was sent notice of the denial of his motion.[3] The Appeals Court correctly dismissed the petitioner's appeal. It had no authority to grant an extension of time for filing. See *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 665 (1993) ("a statutory appeal period . . . cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute").

Accordingly, the single justice of this court properly denied the G. L. c. 211, § 3, petition without a hearing. Superintendent powers conferred by that statute were not intended to absolve a petitioner of the adverse consequences of failing to follow the rules of proper appellate procedure. Nor can an exception be made simply because the petitioner has been acting pro se. *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996), and cases cited (pro se litigants are held to the same standards as those who are represented by counsel).

---

[1] Almost two years earlier, the petitioner had filed the same request which, after being denied and running its appellate course, resulted in this court's opinion in *Morales* v. *Commonwealth*, 424 Mass. 1010 (1997). There, we held that a single justice of this court correctly denied the petitioner's request for relief, made pursuant to G. L. c. 211, § 3, because the petitioner "had other means available by which to obtain the relief he sought." *Id.* at 1011. It is unclear from this record whether the petitioner pursued any of those other avenues for relief before simply refiling, two weeks after our opinion, his second motion which is now the subject of this appeal.

[2] Moreover, an appeal from the denial of a postconviction motion for a free copy of transcripts cannot fairly be characterized as "interlocutory."

[3] The petitioner does not contend that he did not receive this notice in time to comply with the seven-day appeal period mandated by G. L. c. 261, § 27D.

Nevertheless, we are troubled by the fact that each of the petitioner's motions for the production of transcripts, properly accompanied by affidavits of indigency and requests for waivers, was denied without a hearing in direct contradiction of the clear language of G. L. c. 261, § 27C (3) and (4).[4] See *Morales* v. *Commonwealth, supra* at 1010. Therefore, he is free to refile his motion in the Superior Court and have it considered on its merits; if aggrieved again, he may pursue the proper course of appeal delineated within G. L. c. 261, § 27D.

The judgment entered in the county court denying the defendant's petition is affirmed.

*So ordered.*

The case was submitted on briefs.

*Ellyn Lazar*, Assistant Attorney General, for the Appeals Court.

*Wilson Morales*, pro se.

---

[4]We regard Morales as being in a different situation from the defendant in *Commonwealth* v. *Davis*, 410 Mass. 680 (1991). Morales did not have a trial and appeal. He pleaded guilty and seeks funds for a transcript to support his motion for a new trial challenging the plea. His first request for funds came about ten months after his plea, see *Morales* v. *Commonwealth, supra* at 1010, and his motion for a new trial would be his first attempt at challenging the plea. His motion in essence would constitute an "appeal" of the plea for purposes of the indigency statute. See K.B. Smith, Criminal Practice & Procedure § 1251 (1983).

Morales's situation is more akin to the defendant's situation in *Commonwealth* v. *Swist*, 38 Mass. App. Ct. 907 (1995). Swist, however, does not appear to have raised (and so the Appeals Court did not address) the distinction we make here. Moreover, Swist waited seven years to attempt to undo his plea.

