WILLIAM H. MOORE *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT. June 22, 1999. *Supreme Judicial Court,* Superintendence of inferior courts.

William H. Moore (petitioner)[1] commenced in the Superior Court a civil action seeking declaratory and injunctive relief against the Commissioner of Correction and the superintendent of the Massachusetts Correctional Institution at Cedar Junction (defendants). The petitioner, asserting that he was indigent pursuant to G. L. c. 261, § 27B, requested a waiver of the filing fee, which was approved. Subsequently, the defendants moved to vacate that order on the ground that the petitioner's prison account records indicated that he had sufficient funds with which he could pay the filing fee. The judge allowed the defendants' motion to vacate; ordered the petitioner to pay the filing fee within thirty days, failing which the case would be dismissed without prejudice; and stayed proceedings pending his full payment of the fee.

In accordance with G. L. c. 261, § 27D, the petitioner appealed to a single justice of the Appeals Court, who affirmed the Superior Court judge's order. Subsequently, the petitioner filed in the county court a petition under G. L. c. 211, § 3, through which he sought an order requiring "the Superior Court to grant his request for waiver of filing fees [*sic*] pursuant to G. L. c. 261[,] § 27C, and accept his complaint for filing." A single justice of this court denied the petition, and the petitioner appealed. We affirm.

General Laws c. 261, § 27D, provides that an appeal from a Superior Court judge's denial of a request for a fee waiver shall be to a single justice of the Appeals Court, whose "decision shall be final with respect to such request." "Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of

---

[1]Although a second plaintiff was named in the complaint, he subsequently filed a motion for voluntary dismissal and he has not participated in the appeal. Accordingly, we refer only to the petitioner.

another court or judge 'shall be final.' " *Hurley* v. *Superior Court Dep't of the Trial Court*, 424 Mass. 1008, 1009 (1997). We have repeatedly declined to review a decision of a single justice of the Appeals Court affirming a trial judge's denial of a motion for funds or for a waiver of fees. *Longval* v. *Superior Court Dep't of the Trial Court*, 426 Mass. 1008 (1998). *Hurley* v. *Superior Court Dep't of the Trial Court, supra. Gos* v. *Brownstein*, 403 Mass. 252, 254 (1988). *Commonwealth* v. *Pope*, 392 Mass. 493, 502 (1984). *Commonwealth* v. *Lockley*, 381 Mass. 156, 159-160 (1980).

The petitioner contends that relief under c. 211, § 3, is nevertheless appropriate because the denial of his request for a waiver of the filing fee "deprived [him] of his constitutional right to access the court." Contrary to his claim, *Commonwealth* v. *Swist*, 38 Mass. App. Ct. 907 (1995), does not support his argument that our review of the decision of the single justice of the Appeals Court is warranted in this case. In *Swist*, the defendant appealed from the partial denial of his request for transcripts to assist him in preparing a motion for a new trial. *Id.* at 908. The Appeals Court held that the order denying the defendant's request was interlocutory and, therefore, "not immediately appealable," but that relief might be obtained from a single justice of this court. *Id. Swist* is distinguishable from this case because a request for funds for the purpose of preparing a motion for a new trial is generally "not cognizable under G. L. c. 261, § 27C." *Id.* See *Commonwealth* v. *Davis*, 410 Mass. 680, 684 (1991). Here, however, c. 261, §§ 27C and 27D, expressly govern the matter. Thus, the petitioner's argument is without merit.

*Judgment affirmed.*

The case was submitted on briefs.

*Nancy Ankers White*, Special Assistant Attorney General, & *William D. Saltzman* for the Superior Court Department of the Trial Court.

*William H. Moore*, pro se.