RICHARD CEPULONIS vs. SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION, & another.[1]

No. 03-P-1452.

Suffolk. June 10, 2004. - August 25, 2004.

Present: GRASSO, COWIN, & KAFKER, JJ.

*Practice, Civil,* Party pro se, Costs, Waiver, Dismissal.

The judge in a civil action did not err in dismissing, without prejudice, the complaint of the plaintiff (a prison inmate acting pro se) for failure to pay a reduced filing fee, where the plaintiff failed to make a written request to the defendant superintendent of a correctional institution for the appropriate disbursement of the court-ordered filing fees to the court, under G. L. c. 261, § 29(*d*)(4) [700-702]; moreover, the judge did not err in denying the plaintiff's request for a hearing under G. L. c. 261, § 27C(3), to determine his indigency, because the more specific and more recent provisions of § 29 for the determination of an inmate's request for waiver of filing fees or court costs applied rather than the more general rule of § 27C(3) [702-703].

CIVIL ACTION commenced in the Superior Court Department on January 9, 2003.

A request for waiver, substitution, or State payment of fees and costs and a motion for a hearing to determine indigency were considered by *Catherine A. White,* J.

*Richard Cepulonis,* pro se.

*Philip W. Silva* for the defendants.

GRASSO, J. Richard Cepulonis, an inmate within the custody of the Department of Correction (department), appeals pro se from a judgment of the Superior Court dismissing, without prejudice, his complaint against the Superintendent of the Massachusetts Correctional Institution at Cedar Junction (superintendent) and the Commissioner of Correction for failure to pay a reduced filing fee of twenty-five dollars. We affirm.

---

[1]Commissioner of Correction.

1. *Background.* On January 9, 2003, Cepulonis filed his complaint, along with (1) an affidavit of indigency and request for waiver, substitution, or State payment of fees and costs; and (2) a request for a hearing, pursuant to G. L. c. 261, § 27C(3), to determine his indigency in the event the filing fee was not waived. A judge in the Superior Court ordered the department to produce a statement of Cepulonis's prison accounts for the past six months in accordance with G. L. c. 261, § 29, inserted by St. 1999, c. 127, § 182.

The statement of Cepulonis's accounts showed a balance of $123.61 in his personal account and $106.00 in his savings account. However, those accounts had been frozen since September, 1998, to collect $9,762.80 in restitution owed for a disciplinary infraction, namely his escape from a correctional institution. See *Cepulonis* v. *Commonwealth*, 426 Mass. 1010, 1010 (1998). Nevertheless, the judge ordered Cepulonis to pay a reduced filing fee of twenty-five dollars by June 6, 2003, or his action would be dismissed. Cepulonis's request for an indigency hearing was denied. On July 8, 2003, the judge dismissed Cepulonis's complaint for failure to comply with her order, and this appeal ensued.

2. *Payment of reduced filing fee.* Cepulonis contends that the judge erred and abused her discretion in concluding that he could pay a twenty-five dollar filing fee without depriving himself of the necessities of life when, in fact, he had no access to any funds because his prison accounts had been frozen to pay his restitution. For this reason, Cepulonis argues, the judge should have waived the filing fee entirely. We disagree.

"Requiring litigants to pay a reasonably reduced filing fee, set within their limited financial means, serves the important dual purpose of providing equal access to the courts while simultaneously screening out frivolous claims." *Underwood* v. *Appeals Court*, 427 Mass. 1012, 1013 (1998). The requirement and its underlying purposes apply with equal force to all litigants, including prisoners. However, in the case of prisoners, whose daily needs for food and shelter are largely met during confinement, special circumstances attend the determination of the ability to pay a reasonably reduced filing fee. In recognition of these circumstances, the Legislature has provided that when

an inmate brings an action against a State or county agency, official, or employee, and requests a waiver of filing fees or court costs pursuant to G. L. c. 261, § 27B, because of indigency, "[t]he court shall order the inmate to pay, as a partial payment of any filing fees and court costs, 20 per cent of the preceding six months' average balance in the inmate's account." G. L. c. 261, § 29(*d*)(1). The court is required to issue such an order unless it finds that the inmate is not capable of making these payments, or unless the court determines that such an order would place an undue administrative burden on the court. See G. L. c. 261, § 29(*d*)(2). Then, "[u]pon receipt of a copy of the court's order, the inmate shall forward a copy of the order . . . to the superintendent of the correctional facility having custody over the inmate along with a written request for an initial payment from the inmate's account to be paid to the court." G. L. c. 261, § 29(*d*)(3). Once the inmate has done that, "[t]he superintendent *shall* withdraw such payments as the order requires and shall forward them to the clerk of the appropriate court." G. L. c. 261, § 29(*d*)(4) (emphasis added). If an inmate fails to request payment from the superintendent, as happened here, the court may dismiss the inmate's claim. See *ibid.*

Nothing in the record shows that Cepulonis forwarded to the superintendent a copy of the judge's order requiring him to pay a twenty-five dollar filing fee, or that he made a written request to have such amount deducted from his account and paid to the court as mandated by § 29(*d*)(3).[2] His statement of accounts showed a balance of $229.61 for the preceding six months, and the reduced filing fee of twenty-five dollars was plainly less than twenty per cent of that balance.

Cepulonis argues that because his prison accounts had been frozen, he was not able to access this money and, therefore, could not pay any filing fee. In support of his argument, Cepulonis points to 103 Code Mass. Regs. § 405.17(4) (1999), which states that "the Superintendent may order the impoundment of the inmate's accounts for the remaining amount of restitution owed. . . . During the period of impoundment, no account funds may be expended *by the inmate*" (emphasis added).

---

[2]At oral argument Cepulonis conceded that he did not forward a copy of the order to the superintendent or request that payment be made from his accounts.

Notwithstanding the fact that Cepulonis himself was unable to expend the money in his accounts, G. L. c. 261, § 29(*d*)(4), requires the *superintendent* to disburse appropriate funds to the court upon receipt of a copy of the court order and the inmate's written request that he do so. Moreover, department regulations provide that "[a]ny and all funds in an inmate's personal or savings account may be expended *by the Superintendent* to satisfy an amount ordered by a court including restitution, fines, victim witness assessments, court costs, etc. *notwithstanding the provisions of 103 [Code Mass. Regs. § ] 405.17* and regardless of inmate consent." 103 Code Mass. Regs. § 405.18(1) (1999) (emphasis added). Cepulonis failed to comply with the judge's order that he pay a reduced filing fee not because he was unable to access funds in his prison accounts, but because he failed to make a written request to the superintendent for the appropriate disbursement of the court-ordered filing fees to the court. Accordingly, we conclude that his complaint was properly dismissed. G. L. c. 261, § 29(*d*)(4).

3. *Indigency hearing.* Cepulonis further asserts that the judge erred in denying his request for a hearing to determine his indigency. See *Morales* v. *Appeals Court*, 427 Mass. 1009, 1011 (1998). We disagree.

Here, the relevant statutory provision is G. L. c. 261, § 29, promulgated in 1999, which specifically applies to an inmate who has filed an affidavit of indigency. That statute does not mandate a hearing on the inmate's claim of indigency. Rather, G. L. c. 261, § 29(*e*), provides that "[t]he court . . . *may* conduct a hearing on the inmate's claim of indigency either before or after service of process and may dismiss a claim or action if the court finds that the allegation of indigency is untrue" (emphasis added). While the word "shall" is one of command, the word "may" is one of permission, and it does not impose an obligation but simply authorizes an act. See *School Comm. of Greenfield* v. *Greenfield Educ. Assn.*, 385 Mass. 70, 81 (1982); *School Comm. of Newton* v. *Newton Sch. Custodians Assn., Local 454, SEIU*, 438 Mass. 739, 750 (2003).

After Cepulonis filed his affidavit of indigency and request for a hearing, he was conditionally allowed to proceed in forma pauperis until the department produced a statement of his inmate

accounts for the preceding six months. See G. L. c. 261, § 29(a). The judge already knew from Cepulonis's indigency affidavit that his accounts had been frozen to pay a restitution order. Further, the judge could discern from her review of the department's statement that Cepulonis had $229.61 in his accounts that the superintendent could disburse to the court, as needed, upon receipt of a written request from Cepulonis that such payment be made. A hearing would have yielded no further facts bearing on Cepulonis's indigency, and the judge did not err in declining to give him one.

In support of his contention that the judge was required to conduct a hearing, Cepulonis erroneously relies on G. L. c. 261, § 27C(3). Promulgated in 1974, that statute applies, generally, to any party who has filed an affidavit of indigency and mandates a hearing before the judge makes a finding that the affiant is not indigent.[3] Here, the more specific and more recent provisions of G. L. c. 261, § 29, for the determination of an inmate's request for waiver of filing fees or court costs applies rather than the more general rule of G. L. c. 261, § 27C(3). "[W]hen two statutes (or provisions within those statutes) conflict, we have stated that the more specific provision, particularly where it has been enacted subsequent to a more general rule, applies over the general rule." *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 215 (1997). See *Lukes* v. *Election Commrs. of Worcester*, 423 Mass. 826, 829 (1996).

In sum, Cepulonis was not entitled to a hearing on his request for waiver of costs and fees, and his complaint was dismissed not because the judge made an erroneous determination as to

---

[3]We note that G. L. c. 261, § 27D, "provides a detailed and professedly exclusive procedure for taking an appeal from the denial of a request for fees and costs made under § 27C." *Commonwealth* v. *Lockley*, 381 Mass. 156, 159 (1980). See *Morales* v. *Appeals Court*, 427 Mass. 1009, 1010 (1998). Where an action arises in the Superior Court, "the appeal shall be to a single justice of the appeals court," and the decision so rendered "shall be final with respect to such request." G. L. c. 261, § 27D, as appearing in St. 1980, c. 539, § 8. See *Hurley* v. *Superior Ct. Dept. of the Trial Ct.*, 424 Mass. 1008, 1009 (1997). Notwithstanding Cepulonis's reliance on G. L. c. 261, § 27C, there is no indication in the record that he filed an appeal with the single justice of this court.

his indigency but because Cepulonis failed to request the disbursement of funds by the superintendent.

*Judgment affirmed.*