# RESCRIPT OPINIONS.

JANE ROE *vs.* HENRY ROSENCRATZ & others. No. 06-P-1634. December 28, 2007. *Appeals Court,* Appeal from order of single justice. *Practice, Civil,* Appeal, Costs, Waiver.

Jane Roe, a pro se plaintiff, appeals from a single justice order denying her requests to waive filing fees in this court. She argues that G. L. c. 261, § 27C(2),[1] and the Instructions to Courts on the Administration of the Indigent Court Costs Law, Mass. Gen. Laws Ann., Supreme Judicial Court Rules (Thomson West 2006) (Indigency Instructions),[2] require the clerk[3] of this court to grant a request for waiver of fees, and preclude referral of the matter to a judge, when the plaintiff's affidavit states on its face that she meets the requirements for indigency described in G. L. c. 261, § 27A. As neither the statute nor the Indigency Instructions require the clerk or the judge to ignore other court filings by the plaintiff that raise "significant question[s]" regarding the indigency of the plaintiff, we affirm the order of the single justice. Indigency Instructions, paragraph 4.

*Background.* The plaintiff has a history of claiming indigency and seeking waiver of court costs and filing fees based upon her income, although she has admitted in the past to having had available to her *other* assets.[4] Her pre-

---

[1]General Laws c. 261, § 27C(2), as amended through St. 1980, c. 539, § 7, provides:

"If the affidavit appears regular and complete on its face and indicates that the affiant is indigent, as defined in section twenty-seven A, and requests a waiver, substitution or payment by the commonwealth, of normal fees and costs, the clerk [or assistant clerk] shall grant such request forthwith without hearing and without the necessity of appearance of any party or counsel."

[2]The Indigency Instructions provide, in pertinent part:

"4) Duties of Clerk — The statute requires that applications for waiver or state payment of normal fees or costs under Categories A (recipients of certain means-tested public benefit programs) and B (income is below 125% of the federal poverty line) must be approved by the Clerk (or the Assistant Clerk) without delay so long as they are regular on their face and raise no significant question about whether the applicant is indigent. G. L. c. 261, § 27C(2). Except in prisoner cases, such papers should not be referred to a judge for decision, nor should further information be requested if the papers are properly completed. Also, the Clerk should not require an applicant to complete the Supplement to the Affidavit of Indigency form unless he or she is applying under Category C."

[3]In this context, "clerk" includes assistant clerks. G. L. c. 261, § 27A.
[4]For example, a single justice, in an order dated April 23, 2004, denied the plaintiff's

sent appeal arises out of her attempts to have filing fees in *this* court waived for underlying appeals in two Superior Court matters, Roe *vs.* Rosencratz, Middlesex Superior Court, No. MICV2001-01509 (Jan. 15, 2002), and Doe *vs.* Penn Am. Ins. Group, Inc., Middlesex Superior Court, No. MICV2000-05316 (May 28, 2002).[5]

In the present instance, the plaintiff, in each case, filed motions to waive the filing fee, together with an affidavit of indigency purporting to show her eligibility under "Category B," as described in paragraph 4 of the Indigency Instructions, i.e., income below 125 per cent of the Federal poverty level.[6] In each instance, an assistant clerk of this court brought the matter to the attention of the single justice who, by orders dated September 27, 2006, denied the respective motions to waive the entry fee "without prejudice to refiling with a completed supplemental affidavit," which form was provided to the plaintiff. Relying upon the plain language of G. L. c. 261, §§ 27A-27G, and the Indigency Instructions respecting Category B, the plaintiff filed a motion for clarification and reconsideration in each case. On October 25, 2006, the single justice issued an order indicating that his prior actions were to stand and noting that a single justice in a prior matter had

> "found unpersuasive the argument repeated here by the plaintiff that because her initial affidavit states that her income after taxes is 125% or less than the current poverty threshold no further inquiry can be made on her ability to pay. . . . Furthermore, the plaintiff's admission

---

request for waiver of the entry fee based in part on the supplemental affidavit the plaintiff had filed acknowledging that she had approximately $75,000 in unidentified bank accounts and that she owned an automobile worth $8,000. That order also refers to this court's unpublished memorandum and order pursuant to rule 1:28, dated March 21, 2002, deciding two appeals in which the plaintiff's requests to waive the filing fee were deferred, referred to the panel, and subsequently denied. See A.C. Nos. 1999-P-2169 and 2000-P-840. Following the plaintiff's G. L. c. 211, § 3, petition regarding the April 23, 2004, order, a single justice of the Supreme Judicial Court upheld the order of the single justice of the Appeals Court and required payment of the entry fee. See S.J.C. No. SJ-2004-0192 (May 3, 2004).

[5]This is not to be confused with her separate appeal under G. L. c. 261, § 27D, to a single justice of this court from an order of the Superior Court judge in Roe *vs.* Rosencratz, *supra*, denying her postjudgment motion under G. L. c. 261, § 27B, for State payment of certain requested postjudgment discovery costs. Although the plaintiff also sought to appeal the order of the single justice, her notice of appeal was struck as the decision of a single justice reviewing a *lower court* order under G. L. c. 261, § 27D, is final, and there is no further right of appeal. *Moore* v. *Superior Ct. Dept. of the Trial Ct.*, 429 Mass. 1017, 1017-1018 (1999). *Sinath Im* v. *Commonwealth*, 432 Mass. 1018, 1019 (2000). *Phillips* v. *Budzianowski*, 440 Mass. 1008 (2003). *Hunt* v. *Appeals Ct.*, 444 Mass. 460, 463 n.2 (2005). *Cepulonis* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 61 Mass. App. Ct. 699, 703 n.3 (2004).

[6]Section 1(B) of each of the plaintiff's affidavits provided, in pertinent part (emphasis supplied):

> "My income, less taxes deducted from my pay, is *$850 (approx)* per week/month/year (circle period that applies), for a household of *1* persons, consisting of myself and *0* dependents; which income is at or below the court system's poverty level; . . . . *List any other available household income for the circled period on this line . . . ."*

On all three affidavits she filed, she included the amount "$850." On one of the

at that time in her supplemental affidavit to having approximately $75,000.00 requires this court to ascertain, by the filing of the supplemental affidavit, whether such assets still exist."

The plaintiff has filed notices of appeal pursuant to G. L. c. 261, § 27D, from the denials by the single justice to waive the plaintiff's Appeals Court filing fees.[7] The plaintiff maintains that the plain meaning of the statute and the Indigency Instructions require the clerk's acceptance of the affidavit without further inquiry. As the appeals address the same issue and facts regarding the propriety of the waiver, they were consolidated.

*Discussion.* Normal fees or costs that are otherwise required to be paid to prosecute or defend civil actions may be waived by the court for persons who satisfactorily establish that they are indigent. According to G. L. c. 261, § 27A, see note 1, *supra*, an indigent person is, inter alia, "(b) a person whose income, after taxes, is 125 per cent or less of the current poverty threshold." Likewise, the Indigency Instructions, see note 2, *supra*, provide that applications for State payment or waiver of normal fees and costs "must be approved by the Clerk . . . without delay so long as they are regular on their face and raise no significant question about whether the applicant is indigent."[8]

The plaintiff interprets the statute and the Indigency Instructions to foreclose further inquiry by the clerk and referral to a judge if the form is properly filled out and states on its face that the affiant is indigent. The clerk must, according to the plaintiff's interpretation, ignore all other information before the court, including prior filings by the plaintiff inconsistent with the affidavit. We do not read either the statute or the Indigency Instructions to require that the clerk disregard other court filings that raise a "significant question" about the reliability of the affidavit. Indigency Instructions, paragraph 4. Cf. *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. 634, 640 (2005), quoting from *East Cambridge Sav. Bank* v. *Wheeler*, 422 Mass. 621, 623 (1996) (doctrine of judicial estoppel to be employed where "party is seeking to use the judicial process in an inconsistent way that courts should not tolerate"); *Conservation Commn. of Falmouth* v. *Pacheco*, 49 Mass. App. Ct. 737, 743 n.6 (2000) (in different context, this court examined papers below pursuant to court's inherent power under Mass.R.A.P. 8[e], as amended, 378 Mass. 934 [1979], to insure that record conformed to truth).

In this case, there were previous court filings by the plaintiff for payment of entry fees and costs, in which she had represented that she had significant assets. The existence of such documentation justified further consideration by the clerk and referral to a judge as was done here. The actions taken by the

affidavits, she circled the word "month." On the other two, she circled neither week, month, nor year. She did not list any other available household income. The gaps alone might well render the affidavits "irregular on their face" and suffice as a basis to require closer scrutiny and supplemental filing. Indigency Instructions, paragraph 4.

[7]The decision of a single justice respecting waiver of an *appellate* docketing fee under G. L. c. 261, § 27D, is reviewable by a panel. *Hunt* v. *Appeals Ct.*, 444 Mass. at 462-466.

[8]While the plaintiff argues that the Indigency Instructions provide mandatory requirements to the courts, the introduction to the document describes itself as "comments that [the Supreme Judicial Court] make[s] . . . in order to provide guidance to you in administering [G. L. c. 261, §§ 27A-G and 29.]"

single justice were likewise merited by the "significant question" regarding indigency raised by the other court filings.

*Order of single justice affirmed.*

*Jane Roe*, pro se, submitted a brief.