HAROLD B. WASSENAR *VS*. DEPARTMENT OF ENVIRONMENTAL
PROTECTION.

No. 12-P-1671.

Worcester. September 17, 2013. - March 5, 2014.

Present: HANLON, BROWN, & SULLIVAN, JJ.

*Department of Environmental Protection. Penalty. Escrow. Practice, Civil,*
*Dismissal of appeal, Waiver. Waiver.*

A Superior Court judge, in dismissing an action seeking judicial review of a
civil administrative penalty assessed by the Department of Environmental
Protection (department) against the plaintiff, did not err in concluding that
the plaintiff, who had filed the affidavit of indigency prescribed in G. L.
c. 261, §§ 27A-27G, in order to raise the issue of his inability to post the
full amount of the penalty assessed by the department in an escrow ac-
count as required by G. L. c. 21A, § 16, had not demonstrated either an in-
ability to pay [40-41] or the presence of a substantial issue of law, an issue
raised by the plaintiff for the first time on appeal [41-42].

CIVIL ACTION commenced in the Superior Court Department on
January 20, 2011.

A motion to dismiss was heard by *Richard T. Tucker*, J.

*Henry J. Lane* for the plaintiff.

*Maryanne Reynolds*, Assistant Attorney General, for the
defendant.

HANLON, J. The Department of Environmental Protection
(DEP) issued a final decision against Harold B. Wassenar, requir-
ing him to pay a civil administrative penalty of $80,586. Wasse-
nar sought judicial review in the Superior Court under G. L.
c. 30A, § 14. As a condition precedent to that court's jurisdic-
tion to review the administrative proceeding, Wassenar was
required to post the full amount of the assessed penalty in an
escrow account, unless he was able to demonstrate either an in-
ability to pay the assessment or the presence of a substantial
question of law. See G. L. c. 21A, § 16, inserted by St. 1985,

c. 95, § 1. After a hearing, a judge of the Superior Court determined that Wassenar had satisfied neither condition. When Wassenar did not place the assessment amount in an escrow account, a second judge dismissed his complaint. Wassenar now appeals, arguing that the motion judge erred both in the determination of his ability to pay, and in the determination that there was no substantial issue of law. We affirm.

*Background.* On November 6, 2007, the DEP assessed Wassenar an $80,586 civil administrative penalty for violations involving hazardous and solid waste storage on property he owned at 290 Millville Road in Uxbridge. Wassenar, contesting the penalty, submitted to the DEP an affidavit, arguing that the stored items were "consistent with the use of [his] premises as a home" and, in any event, were being stored there only temporarily.[1] John Kronopolus, a DEP engineer, submitted a rebuttal affidavit challenging most of the assertions made in Wassenar's affidavit.[2] After an adjudicatory appeal hearing, the DEP issued a final penalty order; the order was affirmed after reconsideration.

---

[1]In his affidavit, Wassenar asserted that he used the subject property as his residence; he was unemployed, and had been for many years; he was receiving no Social Security or pension benefits; he was relying on credit cards for daily living expenses and had accumulated a debt of approximately $17,000. Although Wassenar admitted to owning another parcel of land in Uxbridge, he claimed that it was landlocked and had only a nominal value. He also admitted that he owned another small lot in Florida, which he claimed had limited value. He stated that he owned a 1993 Ford Tempo automobile and maintained that he had only $30 in his two bank accounts. Finally, Wassenar claimed that there was an unpaid tax lien against the subject property owed to the town of Uxbridge.

[2]Kronopolus averred, inter alia, that Wassenar, in fact, resided not at the subject property but at 63 Sylvan Road in Whitinsville, an address he had repeatedly furnished to the DEP as the place to contact him; the subject property "[was] not suitable for residential use" in that there was no permanent structure, no water supply, and no sanitary disposal system; and "the entire [s]ite [was] zoned for industrial rather than residential use." Kronopolus also represented that, according to records maintained by the Uxbridge town assessor's office, Wassenar owned at least four parcels of land in Uxbridge, with a total assessed value of $628,900. Kronopolus further maintained that Wassenar could "generate income by selling junked vehicles, white goods, and other items disposed of at the [s]ite for scrap metal." Finally, Wassenar failed to provide the DEP with any bank records, mortgage, or other documents to verify his representations about his debt and income and thereby make a showing of his inability to pay the assessed penalty.

Wassenar then filed a complaint in the Superior Court pursuant to G. L. c. 30A, § 14, seeking judicial review of the DEP's final order, claiming that the order was arbitrary and capricious, not supported by evidence, and a violation of his due process rights. He also filed a motion for waiver of the bond required by G. L. c. 21A, § 16, using a form "Affidavit of Indigency" prescribed for the waiver of fees and costs pursuant to G. L. c. 261, § 27B. On the form, Wassenar indicated that he was indigent because "[he] receive[d] public assistance under . . . Medicaid (MassHealth)." On the next page, under the line for "extra fees and costs" (which wording he crossed out), Wassenar wrote, "Waiver of deposit required by [G. L.] c. 21A[,] § 16."

The DEP opposed the waiver motion, asserting that Wassenar had sufficient equity in real property that he owned in Uxbridge and arguing that the uncontroverted evidence showed that Wassenar owned at least four properties with a total assessed value of approximately $625,000.[3] The DEP also maintained that Wassenar had failed to provide relevant law or facts to support the existence of a "substantial question for review by the court." G. L. c. 21A, § 16. Wassenar did not offer any evidence to rebut either argument.

The trial judge denied the motion for waiver, determining on the documents that Wassenar had "failed to establish indigency in that there is uncontroverted evidence that he owns real estate with subst[antia]l equity [and] has other assets available from which he can generate income as detailed in [the DEP]'s opposition and supporting affidavits"; the judge also ruled "there is nothing raised or presented by [Wassenar] that there is a subst[antia]l question for review."[4] Shortly afterwards, the DEP filed a motion to dismiss Wassenar's complaint on the ground that Wassenar had failed to place the funds required under G. L.

---

[3]In support of its opposition, the DEP submitted the Kronopolus affidavit, described at note 2, *supra*, as well as documentation recorded with the registry of deeds and the Uxbridge town assessor's office reflecting information on properties owned by Wassenar — 290 Millville Road (2011 assessed value $465,900); Pond Street (2011 assessed value $10,300); S. Main Street (2011 assessed value $136,000); and Susan Parkway (2011 assessed value $13,600).

[4]Wassenar appealed the denial to a single justice of this court pursuant to G. L. c. 261, § 27D; the single justice affirmed the judge's decision.

c. 21A, § 16, into escrow with the court. After a hearing, the judge allowed the DEP's motion "for the reasons stated in defendant's memorandum, and there being no opposition filed to this motion." On July 26, 2012, judgment entered dismissing Wassenar's complaint.

Wassenar now argues that G. L. c. 21A, § 16, does not define how a reviewing court is to determine "inability to pay" the full assessment amount into escrow in order to satisfy the condition precedent for judicial review. He claims that the appropriate definition is outlined in G. L. c. 261, §§ 27A-27D, which sections address the waiver of costs and fees for an indigent person in a civil action. In Wassenar's view, he submitted the required affidavit to prove indigency — asserting that he was receiving assistance in the form of Medicaid — and that assertion on that form should end the matter. He insists that the judge erred by relying upon a different basis for determining that he was not indigent.

*Discussion. Inability to pay/indigency.* The flaw in Wassenar's argument is that he conflates two separate statutory schemes. One was created to permit judicial review of civil administrative penalties assessed by the DEP in enforcement actions, while, at the same time, securing the challenged penalty assessment pending the review (G. L. c. 21A, § 16). An entirely different framework was created to permit waiver of ordinary costs and filing fees for indigent litigants in civil actions. (G. L. c. 261, §§ 27A-27G). See *Roe* v. *Rosencratz,* 71 Mass. App. Ct. 901, 903 (2007) ("Normal fees or costs that are otherwise required to be paid to prosecute or defend civil actions may be waived by the court for persons who satisfactorily establish that they are indigent").

Wassenar filed the affidavit of indigency prescribed in G. L. c. 261, §§ 27A-27G, in order to raise the issue of his ability to pay the civil assessment under G. L. c. 21A, § 16. This was improper.[5,6] The issue now is simply whether the case was appropriately dismissed under G. L. c. 21A, § 16, because of

---

[5] As a preliminary matter, this court has already rejected the argument that checking a box on the G. L. c. 261, § 27C, form ends all further inquiry into the litigant's indigency. See *Roe* v. *Rosencratz, supra* at 903.

[6] We also note that, had Wassenar been correct that the proper inquiry fell

Wassenar's failure to fulfill the condition precedent by depositing the penalty amount in escrow, or whether he demonstrated either an inability to pay or the presence of a substantial question for review by the court.

A complainant's inability to fund the escrow account is not defined in chapter 21A but, under the statute, is to be determined by the reviewing judge at a preliminary hearing initiated by the complainant who requests a waiver. As the DEP argues correctly, this statutory scheme strikes an appropriate balance, permitting judicial review of the administrative assessment, while securing that assessment pending review, keeping in mind the statutory purpose of enforcing applicable regulations and deterring any threat to the environment or to public health, safety, or welfare.

The judge's determination that Wassenar was not indigent was not error. Compare *Commonwealth* v. *Porter*, 462 Mass. 724, 731-733 (2012) ("In indigency determinations, the initial burden of production clearly rests with the [person asserting indigency]. . . . [T]he party in possession of all material facts regarding [his] own wealth and . . . asserting a negative . . . should be required to bear the risk of failure of proof" in showing that he is unable to pay). Indeed, on this record, it is difficult to see how the judge could have reached any other conclusion.

*Substantial question.* As part of Wassenar's second argument for waiver, he contended before the trial court that "there is a substantial question for review in that the [DEP]'s hearing officer erroneously ruled that Wassenar had only appealed from the 'penalty assessment' and not from the simultaneously issued unilateral administrative order and[,] therefore, was precluded from challenging any of the substantive allegations on which the penalty assessment was based," thereby denying his right to

under G. L. c. 261, §§ 27A-27G, the case would be moot and not properly before this court. Wassenar already appealed the motion judge's rejection of his § 27D claim to a single justice of this court and lost. A decision of the single justice in an appeal pursuant to section § 27D is considered final, absent exceptions that are not present here, and it is not subject to either "direct review by a panel of the Appeals Court []or extraordinary review under [the] superintendence power" of the Supreme Judicial Court. *Singer* v. *Rosenkranz*, 453 Mass. 1012, 1012-1013 (2009). See G. L. c. 261, § 27D.

due process. Wassenar now argues that, in the administrative proceedings, he was prevented from raising a question of the DEP's jurisdiction in imposing an administrative penalty for what he considers to be household waste on residential property, as well as its determination with respect to his ability to pay the assessed penalty.

As it appears that Wassenar raises this issue for the first time on appeal, the argument is waived. See *Smith* v. *Sex Offender Registry Bd.*, 65 Mass. App. Ct. 803, 810 (2006). See also *Bruno* v. *Board of Appeals of Wrentham*, 62 Mass. App. Ct. 527, 531-532 (2004). In addition, even were we to consider the merits of the claim that Wassenar had presented a substantive question of law, he would fare no better, because his claim that the subject property was his residence fails for the same reasons as his claim to be indigent: he simply presented no evidence, other than a bare assertion that he lived on the property, to contradict the persuasive showing made by the DEP.

The motion to dismiss was properly allowed.

*Judgment affirmed.*