NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-106

CARE ONE MANAGEMENT, LLC

vs.

GLORIA BROWN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case has a lengthy history which began in 2016 when the plaintiff, Care One Management, LLC (Care One) filed a lawsuit seeking to recover an unpaid balance that accrued while the defendant's now deceased husband resided at a Care One facility in Randolph.  See Care One Management, LLC v. Brown, 98 Mass. App. Ct. 589 (2020).  Much of that history is not relevant to the issue before us, which is whether the defendant has a right to appeal from an order entered by a single justice of this court pursuant to G. L. c. 261, § 27D.  The order in question was entered on December 21, 2022, and affirmed a ruling by a Superior Court judge denying the defendant's request that the Commonwealth pay for a surety bond imposed as a condition of granting the defendant's motion to remove the underlying default judgment.  The defendant filed a notice of appeal.  Thereafter,

on January 11, 2023, a different single justice struck the defendant's notice of appeal.  The defendant's appeal from the order entered on January 11, 2023, is now before us.  We affirm.

The outcome of this appeal is controlled in all respects by the applicable statute, G. L. c. 261, § 27D, and case law, which unequivocally state that the decision of a single justice of the Appeals Court affirming a trial judge's denial of a request for funds, is final.  See Hurley v. Superior Court Dep't of the Trial Court, 424 Mass. 1008, 1009 (1997).  Because there was no legal right to appeal from the order entered by the single justice on December 21, 2022, the defendant's notice of appeal was properly struck.

Additionally, to the extent the defendant asserts that G. L. c. 261, § 27D is not applicable, she is mistaken.  We have conducted a careful review of the record and have found no support for the defendant's position that the statute does not apply.  Nor is there any support for the defendant's argument that the single justice who entered the order on December 21, 2022, failed to conduct a proper review because certain pleadings and documents that had been submitted to and reviewed by the Superior Court judge were not transmitted to the single justice.  First, it was incumbent upon the defendant to provide all relevant documents to the single justice.  See Mass. R. A. P. 9 (b) & (d), as appearing in 481 Mass. 1615 (2019); Mass. R.

2

A. P. 18 (a) (1) (A), as appearing in 481 Mass. 1637 (2019).
Second, notwithstanding this failure to provide the material at
issue, the single justice has the authority to take judicial
notice of court records in a related action.  See Jarosz v.
Palmer, 436 Mass. 526, 530 (2002).  And third, the defendant
filed a motion for reconsideration, which was denied, that
included all the relevant material considered by the Superior
Court judge.[1]

Order of the single justice
entered on January 11,
2023, striking notice of
appeal affirmed.

By the Court (Vuono,
Hershfang & Toone, JJ.[2]),

Assistant Clerk

Entered:  March 5, 2024.

---

[1] The defendant's motion docketed on April 20, 2023 is denied.
[2] The panelists are listed in order of seniority.

3